## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JAMON T. DIAL** | * | **CIVIL ACTION NO.** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **GH MECHANICAL AND SERVICES, LLC** | * | **MAGISTRATE:** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * **** * * * * * * * * * * * * * * * ******* *

## **COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes Petitioner, Jamon T. Dial (hereinafter referred to as "Petitioner"), for his original Complaint against Defendant, GH Mechanical and Services, LLC (hereinafter referred to as "Defendant"), who, respectfully represents as follows:

## **JURISDICTION AND VENUE**

1.

This is a suit for retaliatory discharge and wrongful termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, et seq. As such, Petitioner's claims invoke federal law, and jurisdiction is based upon this federal question. This Court has supplemental jurisdiction over Petitioner's claims under Louisiana law pursuant to 28 USC Section 1367.

2.

Venue of this Complaint has been properly laid in the Eastern District of Louisiana because Petitioner is a resident of Slidell, St. Tammany Parish, Louisiana.

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

3.

Petitioner has complied with the jurisdictional requirements of Title VII, to wit: that on or about June 7, 2022, Petitioner caused a charge of discrimination in employment based upon retaliation to be filed with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC"), in accordance with §705 of Title VII.

4.

A Notification of Right to Sue letter dated June 24, 2022, was received by Petitioner on or about June 27, 2022. Accordingly, this suit has been filed within ninety days of Petitioner's receipt of the Notice of Right to Sue. All conditions precedent to the institution of this lawsuit have been fulfilled.

5.

This is a case for retaliatory discharge and wrongful termination. Petitioner, an African American, is in a protected class and was discriminated against for reporting discriminatory behavior, which ultimately led to his wrongful termination.

## PARTIES

6.

At all times pertinent hereto, Petitioner was a resident of the Parish of St. Tammany, State of Louisiana, and a citizen of the United States of America. At all times relevant and pertinent herein, Petitioner was an employee of Defendant within the meaning of Title VII.

7.

Defendant, upon information and belief, is a Texas limited liability company, authorized to do and doing business in the State of Louisiana and the Eastern District of Louisiana.

8.

Defendant was at all times pertinent hereto an "employer" of Petitioner within the meaning and intent of Federal and Louisiana law, and as such, was prohibited from wrongful discrimination in employment decisions and prohibited from retaliatory discharge and wrongful termination.

## STATEMENT OF THE CASE

9.

At all times pertinent hereto, Defendant was an "employer" of Petitioner within the meaning and intent of Federal and Louisiana law and as defined in Title VII of the Civil Rights Act of 1964. Petitioner was at all times an "employee" of Defendant within the meaning and intent of Federal and Louisiana law and as that term is defined in Title VII of the Civil Rights Act of 1964.

10.

Petitioner was hired by Defendant approximately one year prior to his retaliatory and wrongful discharge, which occurred on August 23, 2021.

11.

During Petitioner's employment with Defendant, Defendant afforded Petitioner different treatment than Caucasian employees holding the same or similar positions as Petitioner. Defendant routinely enforced company policies against Petitioner, but not against Caucasian employees.

12.

Unfortunately, when Petitioner reported the discriminatory treatment to his superior, he was abruptly terminated by Defendant.

13.

Specifically, on August 23, 2021, Petitioner made a direct comment to his supervisor that he wished he was treated in the same manner as his Caucasian co-worker, because unlike the Petitioner, his co-worker was not required to follow the mandatory company policies, including but not limited to policies related to workplace injuries that Defendant, through its supervisor, forced Petitioner to follow.

14.

In retaliation for reporting the discriminatory behavior to his supervisor, Defendant, through its supervisor, wrongfully terminated Petitioner on August 23, 2021, alleging that Petitioner threatened his supervisor.

15.

Petitioner avers that he did not threaten his supervisor. Petitioner avers that Defendant used this made-up allegation as pretext to fire him in retaliation for reporting discriminatory treatment to his supervisor.

### FIRST CAUSE OF ACTION: RETALIATORY DISCHARGE AND WRONGFUL TERMINATION

16.

Petitioner re-iterates the allegations contained in paragraphs 1 through 14, above, as if copied herein *in extenso*.

17.

During Petitioner's employment, Defendant was engaged in unlawful employment practices in violation of Federal and State law including, but not limited to, Section 703 of Title VII, 42 U.S.C. Section 2000(e) and under Louisiana Revised Statutes, Title 23. The unlawful

practices consisted of racial discrimination of the African American male Petitioner and retaliatory actions, the effect of which created a hostile work environment for the Petitioner and adversely affected his status as an employee with Defendant and resulted in damages to Petitioner. The unlawful practices were carried out by the supervisor of Defendant; therefore, Defendant had full knowledge of its unlawful and racially discriminatory behavior.

18.

Defendant, GH Mechanical and Services, LLC, through the conduct of its supervisors, managers, officers, employees, agents and/or representatives, deprived Petitioner of the rights, privileges, and immunities secured to him by the laws of the United States, specifically, his right to be free from retaliatory discharge and wrongful termination and his rights as provided by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq.

19.

Defendant's actions in terminating Petitioner were discriminatory in that they constituted a retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A 2000e-3 et seq, and Louisiana statutes relevant to retaliatory discharge and wrongful termination including, but not limited to, La. R.S. 23:332 and La. R.S. 23:967.

20.

Defendant is responsible under both Federal and State laws cited herein through direct participation or through agency principals or respondent superior.

21.

The conduct of the offending supervisor was sudden, unexpected, and extraordinary in relation to Petitioner's employment.

22.

As a result of the acts alleged herein, Petitioner sustained damages which include, but are not limited to, emotional distress, humiliation, embarrassment, severe mental anguish, physical pain and suffering, past and future medical expenses, lost wages, back and front pay, loss of employment related benefits, and other such damages as will be more fully shown at the trial of this matter.

23.

Petitioner is entitled to and desires an award of attorney's fees and all court costs and litigation expenses of these proceedings, including expert witness fees in accordance with law.

24.

Petitioner is entitled to and desires trial by jury of this matter.

## DAMAGES

25.

The aforementioned discrimination of Petitioner has been devastating to him, causing Petitioner mental distress, humiliation, embarrassment, past and future pain and suffering, and loss of income, past and future. Petitioner hereby requests the following relief be granted:

a. Compensatory damages as a result of the racial discrimination, wrongful termination, and/or retaliatory discharge;
b. Loss of income and back pay with benefits plus interest;
c. Front pay or loss of future earnings;
d. Expungement of Petitioner's employment record;
e. Punitive damages;
f. Court costs and litigation expenses;

g. Legal interest from the date of termination;

h. Reasonable attorney's fees; and

i. Reinstatement of his former position or a position of comparable salary, status, hours, and benefits, or front pay in lieu thereof.

26.

The aforementioned actions of Defendant were intentional and done with a conscious disregard to the rights of Petitioner. As such, Petitioner hereby seeks exemplary damages as allowed by law.

**PRAYER**

**WHEREFORE**, Petitioner, Jamon T. Dial, hereby requests that Defendant, G.H. Mechanical and Services, LLC, be cited to appear and answer herein and upon final hearing, have judgment against Defendant for his actual damages, exemplary damages, attorney's fees, costs of court, and such other and further relief at law or in equity to which he may show himself to be justly entitled, and for trial by jury.

Respectfully Submitted,

**CHEHARDY, SHERMAN, WILLIAMS, RECILE, & HAYES, L.L.P.**

*/s/   Matthew A. Sherman*
MATTHEW A. SHERMAN (La. Bar. No. 32687)
ANNA M. SINGLETON (La. Bar No. 40050)
One Galleria Blvd., Suite 1100, Metairie, LA 70001
P. O. Box 931, Metairie, LA 70004-0931
Telephone: (504) 833-5600
Fax: (504) 833-8080
mas@chehardy.com; asingleton@chehardy.com
*Attorneys for Petitioner*